# EDWARD SWAN

*vs.*

# ALONSON MOREHOUSE.

1. The plaintiff being the holder of a promissory note secured by deed of trust upon lands in Alexandria County, Virginia, made another trust deed, further securing it upon lands in the District of Columbia and then passed it to M., the defendant. The latter deed recited that "whereas the said S. is anxious to give to the said M. further and additional security for the payment of the said note in case the same is not realized from and under the aforesaid deed of trust on the lands in Alexandria County, now, &c." In a subsequent clause of the same deed it was provided that "if the said promissory note is not paid when the same shall become due, or be not within sixty days thereafter realized from and under the first deed of trust" then the trustee (in the second trust) should sell. It was contended that the latter trustee was not authorized to sell the lands in the District until the remedy was exhausted upon the land in Virginia, but it was *held* that the deed was to be construed as meaning that if the note was not paid at maturity or payment was not in some way obtained out of the land in Virginia within sixty days after the maturity of the note the trustee might sell.
2. The rule that the language of a deed shall be taken most strongly against the grantor is not to be resorted to unless all other rules of interpretation fail.

In Equity No. 445. Special Term, March 22, 1864. Affirmed in General Term, June 13, 1867.

BILL in equity for an injunction to stay a foreclosure sale under a deed of trust.

MR. EDWARD SWAN, for plaintiff.

MR. WM. B. WEBB, for defendant.

MR. JUSTICE OLIN delivered the opinion of the Court.

The bill in this case was filed praying for an injunction to stay the sale of certain real estate, under two deeds of trust, one executed on the 15th of December, 1856, upon certain lands in this District to Wm. B. Webb to secure the

*29*

payment of a promissory note for $600, made by one Est-wick Evans payable to the complainant, and at the time of the execution of said deed by him indorsed and transferred to the respondent Morehouse. The other deed of trust was executed on the 26th of August, 1857, by the complainant to E. C. Morgan, to secure the payment of three certain bonds each for the sum of $344.92, payable to Wm. B. Webb, trustee, and which bonds were held by the complainant by assignment.

In reference to the first deed of trust it is alleged in this bill that the transaction was a loan of money by the complainant from the respondent Morehouse, and was usurious and void, and that interest at the rate of 12 per cent. per annum was corruptly agreed to be paid thereon. This claim was however abandoned upon the hearing where it appeared, if not fully in the pleadings, that the note in question was executed by Evans to the complainant in consideration of the purchase of certain real estate by the former from the complainant. The note therefore, being what is popularly termed "business paper" might be sold or transferred for half its face without any violation of the statute against usury. This note while held by the complainant was secured by a deed of trust upon certain lands situated in Alexandria, Va.

On a motion for an injunction in this cause, a conditional injunction was granted, providing that all proceedings to effect a sale under the deeds of trust be stayed upon the payment into Court of the sum of $500. This latter sum paid and overpaid all the amount found due by the auditor to whom the matter was referred by the Court to ascertain and state the indebtedness between the complainant and the respondent Morehouse.

The only question about which I have felt any embarrassment, arises out of the language of the trust deed executed by the complainant on the transfer of the $600 note to the respondent |Morehouse. This note was also secured by

a trust deed executed by Evans to Wm. B. Webb for the benefit of the complainant Swan upon certain lands situated in Alexandria, Va. It is insisted in the complainant's bill and was on the argument of the cause, that by the terms of the trust deed executed by the complainant Swan, the trustee was not authorized to sell the lands in this District until the remedy was exhausted upon the lands in Virginia or Alexandria. The following clauses in the second trust deed are the only ones upon which this question can be raised. The first is contained in the recital of the deed, viz:

"Whereas the said Edward Swan has passed to Alonson Morehouse a certain promissory note dated on the 3d of May, 1856, for the sum of six hundred dollars drawn by a certain Estwick Evans in favor of the said Edward Swan, and payable three years after date with interest, the said promissory notes being given by said Estwick Evans for part of the balance of the purchase money due to the said Edward Swan for the sale of a tract of forty acres of land sold to him by the said Swan situated in Alexandria County, in the State of Va., which said note is already secured by a deed of trust on said land, and whereas the said Edward Swan is anxious to give to the said Alonson Morehouse further and additional security for the payment of the said promissory note in case the same is not realized from and under the aforesaid deed of trust on the lands in Alexandria County. Now, &c."

In a subsequent part of the deed wherein is declared the trust upon which it is executed, is the following language:

"And upon the further trust that if the said promissory note is not paid when the same shall become due, or be not within sixty days thereafter realized from and under the deed of trust given by the said Estwick Evans and wife on the forty acres of land in Alexandria County, Va., then the trustee Webb may sell, &c."

After a somewhat careful examination of the question of

the true construction and meaning of the trust deed executed by Swan, I am inclined to think that the first recited clause of the deed does not control and render of no effect the clause last cited. Although the recital says, Swan is anxious to give Moorehouse further and additional security for the payment of the said promissory note in case the same is not realized from and under the aforesaid deed of trust on the lands in Alexandria County, I do not think that that language should control the subsequent and express terms of the deed wherein it is stated, that if the note be not paid at maturity or be not within sixty days thereafter realized under the deed of trust given by Evans and wife, then the trustee may sell, &c.

It will be observed that the note in question was made by Evans to Swan. Evans had executed also a deed of trust to secure its payment. Evans was primarily liable for the payment of this note, and I think it would be a fair construction of the language of this deed to hold that the parties meant by it, that if Evans did not pay the note at maturity or payment was not in some way obtained out of the lands in Alexandria within sixty days after the maturity of the note, then the trustee might sell, &c. Any other construction of the deed would expressly contradict the latter clause of the deed, and interpolate in the former clause " in case the same (the amount of the note) is not realized by *a sale* of the property in Alexandria covered by the trust deed."

In coming to this conclusion, I have not resorted to that rule of interpretation or construction which says the language of a deed shall be taken most strongly *against the grantor* a rule of doubtful propriety, and never to be resorted to unless all other rules of interpretation fail, but to that more sensible rule which gives effect to all parts of the deed each consistent with the other.

As it appears by the auditor's report in this case that the money secured by the Moorehouse deed was more than paid

by the deposit of $500 in Court as a condition upon which the injunction was granted, and that after deducting that amount there was due the respondent on the 4th of May, 1866, the sum of $638.33, I think a decree should be entered that the complainant pay that amount and interest thereon together with the costs of this suit within twenty days, or in default thereof the respondent Moorehouse have execution for the costs of this suit against the complainant Swan and liberty to proceed and sell the property covered by the trust deed executed by the complainant to Webb situated in this District.

I have had some little doubt upon the question of the propriety of charging the complainant with the costs of this suit. I would not do it but from the fact that the trustees in this case have followed a practice which seems to be all but universal in this District, of omitting to state in the advertisement of sale the amount due or claimed to be due under the deed of trust. These deeds of trust are often made an engine of oppression and liable to gross abuse. I should regard it a proper exercise of the powers of this Court to stay by writ of injunction any sale by a trustee wherein it was not stated in the advertisement of sale the amount due, under and for the payment of which the party proposed to sell the property.